# Supreme Court of the Navajo Nation

---

**Ronald Gishey, Appellant,**
v.
**Omer Begay Jr., Appellee.**
**Decided July 22, 1999**

---

## OPINION

Before YAZZIE, Chief Justice, and AUSTIN, Associate Justice.

Leonard Tsosie, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Steven Boos, Esq., Chief Legislative Counsel, Window Rock, Navajo Nation (Arizona), for Co-Appellee Navajo Board of Election Supervisors, and Lee R. Belone, Esq., Fort Defiance, Navajo Nation (Arizona), for Appellee Omer Begay.

Opinion delivered by AUSTIN, Associate Justice.

The only issue ripe for decision on this motion to dismiss is whether the Appellant's notice of appeal was timely filed. We hold that it was and deny the motion to dismiss. The other issues the Appellant has raised are extraneous and will not be considered.

### I

This case was originally brought before the Navajo Board of Election Supervisors ("Board"), which filed its decision on November 25, 1998. We reversed and remanded on March 16, 1999, and ordered the Board to make findings of fact, conclusions of law, and a decision on the merits. The Board decided to hold a hearing *de novo*, as opposed to a decision on the November 25, 1998 written record, because six board members were newly elected and not familiar with the case. The Board attempted a hearing *de novo* on April 8, 1999, to which the Appellant objected, and as proceedings began, walked out with his counsel without presenting any evidence. The Board then orally announced its decision to dismiss the Appellant's complaint from the bench. The April 8, 1999 oral decision was reduced to written form and dated as a final decision of April 8, 1999, in spite of the fact that it was not signed by the Chairman of the Board, Charles Damon, until April 12, 1999. Affidavits of Charles Damon (April 30, 1999) and Victoria McArthur (April 26, 1999). On April 20, 1999, the Appellant filed a notice of appeal, a certified copy of the Board's Final Order, and a filing fee with this Court.

*403*

Relying on 11 N.N.C. § 321(B)(4) (1995), the Board requested dismissal of the notice of appeal arguing that we lacked jurisdiction over the case, because the notice was filed more than ten days following the April 8, 1999 oral decision.

## II

Affidavits from Charles Damon, Chairman of the Board, and Victoria McArthur, Legislative Reporter II, establish that while the Board's decision was verbally announced on April 8, 1999, the final written order of that decision was not signed until April 12, 1999. The relevant part of 11 N.N.C. § 321(B)(4) states that "[a] party who wishes to appeal from a decision of the Board must file a Notice of Appeal with the Supreme Court of the Navajo Nation within ten days after the decision is made." The question to be resolved is whether this section refers to the April 8, 1999 oral decision, or the written decision signed on April 12, 1999. For the reasons given below, we conclude that the April 12, 1999 written decision is the one to be used for computing appeal time.

The Navajo Nation Council has legislated on the issue before us. The law requires that only a final court or administrative agency decision is appealable to this Court. 7 N.N.C. § 801(A) (1995). The relevant part of section 801(A) states that "[t]he appeal shall be made in writing and shall *conform to the Navajo Rules of Appellate Procedure.*[1] No oral requests for appeal shall be accepted." (emphasis added). This Court, with the approval of the Judiciary Committee of the Navajo Nation Council, has the authority to adopt court rules, including appellate rules, for all proceedings in the Navajo Nation courts. 7 N.N.C. § 601(A)-(B) (1995).

The filing of all appeals, whether of trial court or administrative agency decisions, must comply with our appellate rules. For civil appeals, including final Board decisions, the Navajo Rules of Civil Appellate Procedure requires three items: 1) a written notice of appeal; 2) a certified copy of the final decision being appealed; and 3) a filing fee. N.R.C.A.P. 7(a)-(b). These three items must be filed with this Court contemporaneously. *Yazzie v. Catron*, 7 Nav. R. 399, 401 (1999). The notice of appeal and the certified final decision must be written on paper. We do not recognize a tape recording of an oral decision, although final, as meeting requirement number two above. Because we require that final appealable decisions be written on paper, it is not possible to file an unwritten court or administrative agency final decision with this Court. It necessarily follows that it is not possible to have a tape recording of an oral decision "certified" to meet the requirements of Rule 7. Thus, only a written decision satisfies the requirement that "[a] certified copy of the ... [final] decision being appealed, ... must be

---

1. This statute was enacted a little over a year before adoption of the Navajo Rules of Civil Appellate Procedure in 1987 and at a time when the Navajo Rules of Appellate Procedure governed both criminal and civil appeals. Section 801(A) should now be understood as referring to both the Navajo Rules of Civil Appellate Procedure and the Navajo Rules of Appellate procedure. The later rules are now used for criminal appeals only.

attached to the Notice of Appeal" and filed with this Court. N.R.C.A.P. 7(a). The April 8, 1999 oral decision given from the bench does not satisfy Rule 7 of the Navajo Rules of Civil Appellate Procedure. Therefore, it cannot be used for computing the time period for filing this notice of appeal.

A written notice of appeal, including an attached certified written final decision, must be filed with this Court within the time prescribed by law. 7 N.N.C. § 801(A); N.R.C.A.P. 8(a). In this election case, the law requires that the notice of appeal be filed "within ten days after the decision is made." 11 N.N.C. § 321(B)(4). A final decision is made on the date a properly authorized official signs the written decision. *The Navajo Tribe of Indians v. Yellowhorse, Inc.*, 5 Nav. R. 133, 134 (1987) (a final court decision is rendered on the day the judge signs it). The appeal time begins to run from the date the final decision is signed. *See Viva Rancho Motors, Inc. v. Tully*, 5 Nav. R. 145, 146 (1987) ("[T]he day after the judge signs the final order is day one."). The Chairman of the Board and the Legislative Reporter both testified that the written final Board decision was signed on April 12, 1999. The time for appeal started to run from that date. Thus, the Appellant filed his notice of appeal within the statutory time period.

### III

We hold that the Appellant's notice of appeal was timely filed. The motion to dismiss this appeal is therefore denied.