OPINION

This case involves the enforcement of a judgment which incorporated a Stipulation and Settlement Agreement. The Agreement required the Appellee to make payments to the Appellant. The Appellant filed a petition for an order to show cause to enforce the Agreement. The Kayenta District Court dismissed the petition. The Appellant appealed the dismissal of the order to show cause petition to this Court. Appellee filed a Motion to Dismiss with Prejudice. The Court disagrees with Ap-pellee’s argument for dismissal but the Court, for other reasons, dismisses the appeal by affirming the decision of the District Court.
*133 I
In the Kayenta District Court, the parties executed a Stipulation and Settlement Agreement (Agreement) in the matter of Eugene Salt and Sally Martinez v. Gene Salt, No. KY-CV-139-04 (Re: KY-CV-008-99), on or about December 5, 2006. In the Agreement, Appellant accepted Ap-pellee’s offer to pay him $55,000 to settle case No. KY-CV-139-04 and all related and pending claims. Of concern in this appeal, is the provision ordering Appellee to pay Appellant the remaining balance of $24,000 by and through monthly payments of $300 beginning the 1st day of December 2006 and continuing the same day each month until the amount is paid in full. The parties further agreed that failure to comply with any term or condition shall subject the non-complying party to contempt of court proceedings and appropriate sanctions, including the payment of costs and attorney’s fees incurred in the enforcement of the Agreement. On December 6, 2006, the District Court entered a Final Judgment and Order accepting the terms and conditions of the parties’ Agreement.
On September 4, 2007, Appellant filed a petition for an order to show cause. On December 6, 2007, the matter came before the District Court in a final hearing. In a subsequent order of February 19, 2008, the District Court entered an Order of Dismissal with Prejudice and Judgment dismissing the order to show cause action stating that Appellant had failed to prove his allegations that Appellee had not complied with the Agreement by failing to make timely payments as ordered. The District Court granted Appellee’s request for costs and attorney’s fees. Appellant appealed the dismissal of the order to show cause petition to this Court.
II
The issues are 1) whether Rule 12(c) of the Navajo Rules of Civil Appellate Procedure mandates dismissal where an appellant files an opening brief 18 days after the prescribed due date but before Appellee files a motion to dismiss and 2) whether the District Court erred in dismissing the order to show cause action holding that Appellant failed to prove Appellee had not complied with the Agreement, where Ap-pellee made her monthly payments, as ordered, with the exception of one payment which was received four days late.
Ill
A Notice of Appeal was filed on March 17, 2008. A Rule 10(b) notice was issued on September 30, 2008. Appellant did not apply for an extension with this Court within the period for transmittal of an opening brief. Instead, Appellant filed his opening brief on November 24, 2008; 18 days after the due date of November 6, 2008. On December 12, 2008, Appellee, through her legal counsel, filed a motion to dismiss asserting an untimely brief and a brief that failed to conform to the Navajo Rules of Civil Appellate Procedure (NRCAP) mandates dismissal. The Court disagrees.
Rule 12(a) of the NRCAP requires the appellant’s brief to be filed within 30 days of the mailing of the Court’s Rule 10(b) notice. Rule 5(c), however, affords the appellant seven additional days where service of the 10(b) notice on appellant is accomplished by mail. Thus, appellant had thirty-seven (37) days to submit an opening brief. See Kinney v. Navajo Nation, 6 Nav. R. 126 (1989). Where an appellant does not timely file a brief and appellee files a motion to dismiss before appellant files a brief, the Court will dismiss the appeal under NRCAP Rule 12(c). See Bergen v. Young, 6 Nav. R. 169 (1990). *134 Otherwise, the Court has discretionary authority to accept a -brief that is filed late.
Unlike Kinney and Bergen, Appellant did file an opening brief although it was filed late. Further, the opening brief was filed before Appellee filed a motion to dismiss. Thus, the strict dismissal requirement of Bergen does not apply. Here, Appellant proceeds pro se and his filing of an opening brief, though untimely and not in conformance with Rule 11, does not warrant dismissal pursuant to NRCAP Rule 12(c). The Court therefore DENIES Appellee’s motion to dismiss pursuant to Rule 12(c).
IV
We now consider the merits of the appeal. Upon review of the pleadings and transcript, the Court AFFIRMS the decision of the District Court to dismiss the petition for an order to show cause. Appellant essentially argues that the District Court improperly dismissed his cause of action at the December 6, 2007 hearing due to his failure to properly admit into the record a copy of the Agreement concerning docket No. KY-CV-139-04 (Re: KY-CV-008-99). Although the District Court did orally announce that the order to show cause petition is to be dismissed for the reasons asserted by the Appellant, the District Court in its Order of Dismissal with Prejudice of February 19, 2007 relied on the Agreement to enter findings of facts and conclusions of law. The District Court’s written final order upheld the Agreement. If there is a difference between what a court says and what it writes, the written final judgment is recognized. See Gishey v. Begay, 7 Nav. R. 403, 404, 2 Am. Tribal Law 437 (1999). Appellant 'therefore was not prejudiced by the oral decision.
As to the District Court’s written final judgment, the Court upholds the decision to dismiss the order to show cause action because Appellant failed to prove his allegations that Appellee has not complied with the Agreement by failing to make timely payments as ordered. The evidence presented at the final hearing of December 7, 2007 confirmed that Appellee made her monthly payments with the exception of the September 1, 2007 payment, which was received four days late. The Court therefore will not disturb the District Court’s findings. One payment received four days late does not warrant further contempt proceedings. The Court finds there was a sufficient basis for the District Court to dismiss the order to show cause action and grant Appellee’s request for costs and attorney fees.
Appellant, in his opening brief, also questions the District Court’s practice in having different Judges hear different portions of the same case. In the interest of judicial economy, there are circumstances where different Judges may hear or attend to pleadings in the same matter to ensure the parties an efficient and timely final disposition. Another Judge, especially one assigned to the same district, is permitted to hear scheduled cases without notice to the parties to promote some continuity of the District Court’s docket. The challenge to the District Court’s practice in this matter is not actionable.
V
Under the circumstances herein, the Court takes this time to clarify the legal effect of its decision. The District Court dismissed only the order to show cause action. It did not dismiss the underlying judgment: the Stipulation and Settlement Agreement incorporated into the Final Judgment and Order of December 6, 2006 in docket no. KY-CV-139-01 (re: *135 KY-CV-008-99). The parties therefore are legally bound by the terms and conditions of the Agreement. See Office of Navajo Labor Relations, ex rel. Bailon v. Central Consolidated School District No. 22, 8 Nav. R. 501, 506 (2000) (words are sacred and never frivolous, and therefore agreements must be fulfilled). Thus, Ap-pellee shall continue to pay $300.00 per month by the 1st day of each month until her debt is paid in full.
VI
Based on the foregoing, Appellee’s motion to dismiss is DENIED. Appellee’s request for attorney fees in this appeal is also DENIED. The District Court’s decision is AFFIRMED. The appeal is therefore DISMISSED.